IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-02112-RM-KLM

ANDREW L. JOHNSON,

    Plaintiff,

v.

TIMOTHY J. KELLISON,
CHRISTOPHER REISS, and
EUGENE MARTINEZ,

    Defendants.

___

**ORDER**
___

    This matter is before the Court on the recommendation of United States Magistrate Judge Kristen L. Mix (ECF No. 105) to grant in part and deny in part Defendants' motion for summary judgment (ECF No. 70), leaving at issue only Plaintiff's excessive force claims against Defendant Kellison in his individual and official capacities. Defendant Kellison filed a limited objection to the recommendation (ECF No. 106). Plaintiff has neither objected to the recommendation nor responded to Defendant Kellison's objection, and the deadlines for doing so have lapsed. For the reasons below, the Court overrules the objection and accepts the recommendation, which is incorporated into this order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I.**    **LEGAL STANDARDS**

    Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it

is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citation omitted). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248.

Plaintiff proceeds pro se; thus, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court cannot act as Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.     BACKGROUND

No party objects to the magistrate judge's thorough summary of the case, much of which is supported by video evidence from the Boulder County Jail, where Plaintiff was being held as a pretrial detainee. (*See* ECF No. 105 at 2-6.) As pertinent here, Defendant Kellison's involvement began when another jail official called for backup because Plaintiff was preventing her from closing his cell door and demanding that he be allowed to call his attorney. When Defendant Kellison and the other responding officers were unable to de-escalate the standoff, Defendant Kellison pushed Plaintiff back into the cell. Plaintiff then kicked the door toward the officers. At that point, Defendant Kellison reopened the door, drew his taser, and ordered Plaintiff to put his hands behind his back. Plaintiff complied. The officers then escorted Plaintiff out of the cell and down a set of stairs to where he was secured in a restraint chair. During the transfer, "Plaintiff resisted by dragging his feet and being verbally abusive and antagonistic." (*Id.* at 5.) However, due to gaps in the video evidence and the officers' written reports, the magistrate judge was unable to assess the degree of Plaintiff's resistance and whether Defendant Kellison's use of force was objectively reasonable under the circumstances. "[T]he detail is murky regarding what precisely was occurring to cause Defendant Kellison to take the action he did." (*Id.* at 29.) Construing the evidence in the light most favorable to Plaintiff, the magistrate judge concluded that there was a genuine issue of material fact as to whether Defendant Kellison used excessive force.

The magistrate judge rejected Defendant Kellison's assertion of qualified immunity. Not only had Plaintiff shown a possible violation of his Fourteenth Amendment rights, but it was clearly established at the time that officers may not continue to use force against a suspect who is

3

effectively subdued. Therefore, the magistrate judge recommended denying summary judgment on Plaintiff's excessive force claim against Defendant Kellison in his individual capacity.

The magistrate judge also recommended denying summary judgment on Plaintiff's claim against Defendant Kellison in his official capacity because Defendants presented no argument on the issue of whether a municipal policy or custom was the moving force behind the deprivation of Plaintiff's constitutional rights.

The forty-five-page recommendation thoroughly explains why Defendants are entitled to summary judgment on Plaintiff's other claims, and no party has objected to those parts of the recommendation.

## III.   ANALYSIS

Defendant Kellison argues that the magistrate judge erred by finding he was not entitled to qualified immunity with respect to Plaintiff's excessive force claim and by finding that Plaintiff stated an official capacity claim against him.

### A.   Qualified Immunity

To overcome Defendant Kellison's qualified immunity defense, Plaintiff must show that (1) Defendant Kellison's conduct violated a constitutional right, and (2) it was clearly established at the time of the violation that such conduct constituted a violation of that right. *See Perea v. Baca*, 817 F.3d 1198, 1202 (10th Cir. 2016). The Fourteenth Amendment governs excessive force claims by pretrial detainees such as Plaintiff. *See Estate of Booker v. Gomez*, 745 F.3d 405, 419 (10th Cir. 2014). To establish a violation of his rights, Plaintiff must provide "objective evidence that the challenged government action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015). Recently, in *Rowell v. Board of County Commissioners*,

No. 19-7062, 2020 WL 6279207, at *4 (10th Cir. 2020), the court applied six factors to evaluate an excessive force claim under the Fourteenth Amendment:

> (1) the relationship between the need for the use of force and the amount of force used,
> (2) the extent of the plaintiff's injury,
> (3) any effort made by the officer to temper or to limit the amount of force,
> (4) the severity of the security problem at issue,
> (5) the threat reasonably perceived by the officer, and
> (6) whether the plaintiff was actively resisting.

Defendant Kellison argues that "a minimal use of force causing de minimis injury to a physically and verbally resisting inmate does not constitute excessive force." (ECF No. 106 at 3.) But as set forth in the recommendation, neither the amount of force used nor the extent of Plaintiff's resistance can be ascertained on the current record. This precludes resolving either the first or sixth factor at this stage of the case. Defendant Kellison concedes he "used minor physical force" against Plaintiff (*id.* at 4) and leans heavily on the fact that Plaintiff's injury, a nosebleed, required no medical attention. However, although the extent of Plaintiff's injury is a relevant consideration (second factor), it is not the only consideration. Defendant Kellison cites no authority for the proposition that a plaintiff does not suffer an injury requiring medical attention, he fails to state an excessive force claim based solely on the second factor above.

In an attempt to prevail on the sixth factor, Defendant Kellison also relies on the officers' written reports, which state that Plaintiff was "resisting" throughout the episode. But the magistrate judge carefully considered these reports and found them to be conclusory in this regard because they offered little insight as to *how* Plaintiff was physically resisting the officers. The magistrate judge also noted there was video evidence that, for a brief moment before he was taken out of view of the camera, Plaintiff was "standing calmly" and not resisting. (ECF No. 105 at 27.) Thus, on the current record, there are factual disputes as to whether Plaintiff was actively

5

resisting (sixth factor) and the extent to which Defendant Kellison reasonably perceived Plaintiff to be a threat (fifth factor) given that he was in handcuffs and several other officers were present. Genuine issues of material fact exist with respect to the third and fourth factors as well. Although these issues may be resolved in Defendant Kellison's favor at trial, he has not shown he is entitled to qualified immunity at this stage of the case. Accordingly, Plaintiff has met his burden to show Defendant Kellison violated his constitutional rights because a reasonable jury could conclude Defendant Kellison used excessive force under the totality of the circumstances.

In order for it to be clearly established that Defendnat Kellison's conduct constituted excessive force, there must be Tenth Circuit or Supreme Court precedent that would make it clear to every reasonable officer that such conduct is prohibited. *Perea*, 817 F.3d at 1204. "The more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation." *Casey v. City of Fed. Heights*, 509 F.3d 1278, 1284 (10th Cir. 2007). It is clearly established in this circuit "that officers may not continue to use force against a suspect who is effectively subdued." *Perea*, 817 F.3d at 1204; *see also Dixon v. Richer*, 922 F.2d 1456, 1463 (10th Cir. 1991) (continuing to strike detainee after he had been subdued was clearly unconstitutional). Here, because material facts remain in dispute as to whether Defendant Kellison continued to use force against Plaintiff when he was not resisting, Defendant Kellison is not entitled to summary judgment on qualified immunity grounds.

### B. Municipal Liability

Plaintiff's complaint indicates that he is suing Defendant Kellison in both his individual and official capacities. Construing his official capacity claim against Defendant Kellison as a municipal liability claim against the City and County of Denver, the magistrate judge noted that

Defendants presented no argument as to whether a municipal policy or custom was the moving force behind the constitutional deprivation of Plaintiff's rights. Although Defendant Kellison argues that the magistrate judge could have recommended dismissal of the municipal liability claim under 42 U.S.C. § 1915A(b)(2), he does not meaningfully address whether he is entitled to summary judgment on this issue. The Court discerns no error.

### C. Other Claims

With respect to the findings and conclusions of the magistrate judge's forty-five-page recommendation that no party objected to, the Court finds the magistrate judge's analysis was thorough and sound and discerns no material errors on the face of the record. Therefore, Defendants are entitled to summary judgment on Plaintiff's other claims.

### IV. CONCLUSION

The Court OVERRULES the objection (ECF No. 106), ACCEPTS and ADOPTS the recommendation (ECF No. 105), and GRANTS IN PART and DENIES IN PART Defendants' motion for summary judgment (ECF No. 70).

DATED this 2nd day of November, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge